**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



SOFIA DAVILA; RUBI PASTORA;
JEANETTE ECHEVERRIA;
GUILLERMO DAVILA; MAYRA
SANDOVAL; EDWIN JAVIER
DAVILA; JUAN DAVILA; MAYLIN
DAVILA,

                Plaintiffs - Appellants,

  v.

CITY OF TRACY; J. HARRIES, Police
Officer; S. FLORES, Police Officer;
DOES 1-50,

                Defendants - Appellees.

No. 10-15224

D.C. No. 2:06-cv-02691-LKK-
EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The family members of decedent Guillermo Davila appeal from the district court's grant of summary judgment in their 42 U.S.C. § 1983 action claiming violations of constitutional rights in connection with his death. Davila died after being released from the San Joaquin County Jail by county authorities, having been held for six hours following his arrest for public intoxication by City of Tracy police. The claims against the County are not before us. Only the claims against the City of Tracy and the arresting police officers are presented in this appeal.

The relevant conduct on the part of the Tracy police officers was to place the decedent under arrest and deliver him to the county jail. Plaintiffs claim that the officers should have taken Davila to a hospital or at least placed jail authorities on notice that Davila had some serious medical condition apart from intoxication. The record, however, shows the officers chose that destination because it had better facilities for dealing with intoxication, and does not reflect anything that would have put them on notice that Davila had any other serious medical need. The officers were thus not deliberately indifferent to the decedent's medical needs. *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) (holding that a deliberate indifference claim "requires an objective risk of harm *and* a subjective awareness of that harm"). Nor is there any basis for the claims of negligence and wrongful death under state law.

Because there is no constitutional violation, there is no claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), against the City of Tracy.

AFFIRMED.